Daniel, J.
 

 The defendant’s counsel contends, that a deed of bargain and sale, without any consideration either good or valuable, will transfer the legal freehold in lands to the donee, as against the donor and all volunteers. And he has cited Touchstone, ch. 10th, page 221; where the author says, that
 
 u
 
 These words (bargain and sale) do ■ signify the transferring .the property of a thing from one to another upon valuable consideration, by way of sale. And herein only it doth differ from a gift, that is, a
 
 gift
 
 may be without any consideration or cause at all.” If the counsel had observed that the author had, on the same page, just concluded his observations upon the law of “ feoffment,” he must have clearly understood him, when the aforesaid remarks were used, to allude only to that mode of conveyance, (feoffment) when he said a gift of a freehold estate in land, may be good without consideration.’ For
 
 *32
 
 the author says, that a feoffment
 
 [donatio feodi)
 
 is the
 
 gift
 
 or grani lands, by the
 
 delivery of seisin
 
 and possession of the thing given; and from hence, he says, comes the word
 
 en-yeoj-.
 
 for p,y this word, and the words
 
 give
 
 and grant, is this kind of conveyance most commonly made: but
 
 livery of sei-sin,
 
 is the operative and the essential part of the assurance. And no estate of freehold passes till
 
 livery of seisin
 
 is made, 1 Touch. 203, (Preston’s ed.) A consideration given by the purchaser was never necessary to complete any species of common law conveyances, which operated by the actual transmutation of possession. The purchaser was bound only to perform
 
 thefeodal
 
 services incident to the tenure of the land possessed by him. When the ceremonies were performed which the law prescribed, the purchaser was either seized of a freehold estate, or he was possessed of a term in the land, as was intended by the parties. But a deed of bargain and sale, even with a consideration transferred to the bargainee no
 
 legal
 
 estate in the lands, prior to the passage of the Statute of Uses. But before that time, it was a Court of Equity only which created a
 
 use
 
 or equitable estate in the bargainee; and this was done from motives of conscience, upon payment of a valuable consideration: and equity took exclusive jurisdiction of such uses. It was the Statute of Uses,
 
 (27 Ch. 2)
 
 which changed the equitable estate in the lands (the use) into
 
 legal
 
 estates, but in those cases only where the grantor or some other person, was
 
 seized
 
 to the
 
 use
 
 of the grantee or bargainee. The law, the statute transferred the possession of the land, to him who before had the use; and it declared, that he who had the use in the land, should thereafter have and hold the legal estate, in the same plight and condition, that he before held the
 
 use.
 
 Before this statute was passed, Courts of Equity never declared the bargainor or covenantor a
 
 trustee
 
 for the bar-gainee or covenantee, unless there was either a
 
 valuable
 
 consideration or a
 
 good
 
 consideration existing at the time. For these considerations only raised in Equity, to the covenantee or bargainee, the
 
 use
 
 or equitable estate in the lands. Therefore, inasmuch as the statute only transferred the possession
 
 *33
 
 or
 
 legal
 
 estate in the lands, to him who had the
 
 use
 
 in the same lands, it follows necessarily that if the bargainee or cov-enantee has not the use in the land (and without a good or a ^ ° valuable consideration no use could ever enure to such person,) the statute cannot help him to the legal estate. It is very true that if the deed given to the defendant, had been either upon a good or a valuable consideration, it might have been averred and proved, as no consideration is mentioned in the
 
 deed;
 
 and then a
 
 use
 
 would have been raised for the defendant and her children, which the statute would have converted into legal estates. But until that be done, no use exists in them, and of course no legal estate in the land. A. Springs never conveyed the freehold in the land to the defendant, either by any of the modes of conveyance known to the common law, or under the Statute of Uses. The deed, in part, operated as a feoffment without livery and seisin, which created only an estate at will; and the death of A. Springs has determined that estate. The decision of the Judge was, we thinkj erroneous^ and therefore there must be a new trial.
 

 Per Curiam, Judgment reversed and a
 
 venire de novo
 
 awarded.